UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TROY VANCURTIS ELLIS, #162244                                   PETITIONER

VERSUS                                      CIVIL ACTION NO. 3:14-cv-592-CWR-FKB

STATE OF MISSISSIPPI
and JOHNNY CROCKETT, Warden                                     RESPONDENTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Troy Vancurtis Ellis, an inmate at the South Mississippi Correctional Institution, Leakesville, Mississippi, files this Petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2254. Having considered the Petition [1] pursuant to 28 U.S.C. § 2254(b)(1)(A) & (c), Petitioner's Response [5] and applicable case law, the Court finds that Petitioner's claims fail to warrant federal habeas corpus relief because Petitioner has not exhausted his state court remedies.

Petitioner states that he was convicted in the Circuit Court of Hinds County, Mississippi, for two counts of armed robbery, armed carjacking and kidnaping and was sentenced on July 31, 2013, to serve a 25-year prison sentence. Pet. [1] at 1. The grounds for habeas relief relate to what the State could prove in their case against Petitioner, Petitioner's plea agreement, and Petitioner's public defender failing to object to the Assistant District Attorney saying that Petitioner "placed a gun to the victim's . . . head." *Id*. at 5-13.

Pursuant to 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008) (citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)). A petitioner must exhaust his claims through the state courts either by direct appeal or by post-conviction proceedings. *See Orman v.*

*Cain*, 228 F.3d 616, 619-20 & n.6 (5th Cir. 2000).   Moreover, in order to satisfy the exhaustion

requirement, the claim must have been fairly presented to the highest state court.  *Morris v. Dretke*,

379 F.3d 199, 204 (5th Cir. 2004) (citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)).   As

a general matter, a habeas petition will be dismissed when the petitioner has not exhausted his claims

in state court.  *See Smith,* 515 F.3d at 400 (citing 28 U.S.C. §2254(b)(1)(A));  *Rose v. Lundy*, 455

U.S. 509, 519-20 (1982)).

According to Petitioner, he filed a "motion for relief under the Mississippi Post-Conviction

Collateral Relief Act" in the Circuit Court of Hinds County, Mississippi.  Pet's Resp. [5] at 2.

Petitioner indicates in his Response [5] that his motion for post-conviction relief is presently pending

in the state trial court.  As such, Petitioner has not given the "state courts one full opportunity to

resolve any constitutional issues by invoking one complete round of the State's established appellate

review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c)

(providing that a petitioner "shall not be deemed to have exhausted the remedies available in the

courts of the State, within the meaning of this section, if he has the right under the law of the State

to raise, by any available procedure, the question presented").   Once the trial court rules on his

motion and in the event he is denied relief, he may appeal to the Mississippi appellate courts and

properly exhaust his state court remedies.[1]  *See* Miss. Code Ann. § 99-39-25; *see also Williams v.

State*, 107 So.3d 1016 (Miss. Ct. App. June 26, 2012) (considering Williams appeal of the denial of

his post-conviction motion by the trial court).

For the reasons set forth above, the Court finds that Petitioner has not exhausted his available

---

[1] If Petitioner presents new legal theories or new factual claims in his federal habeas petition, the exhaustion requirement is not satisfied.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

state court remedies as required by 28 U.S.C. § 2254(b)(1)(A) and (c) and Petitioner's request for habeas relief will be denied for failure to exhaust his state court remedies.

Additionally, having liberally construed Petitioner's Response [5], the Court finds that Petitioner includes a request that this habeas matter be held in abeyance until he exhausts his remedies available to him in state court. This Court has the authority to stay a habeas petition and hold it in abeyance while the courts of Mississippi decide a motion pending before it. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). The United States Supreme Court has determined that stay and abeyance is only appropriate when three requirements are satisfied: (1) there is good cause for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are not plainly meritless; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 278.

Having considered the statements in Petitioner's Response [5], the Court finds that Petitioner has not established good cause for failing to exhaust his claims first in state court. *See McIntyre v. Quaterman*, No. 3-09-cv-0574-B, 2009 WL 1563516, at *3 (N.D. Tex. June 2, 2009) (holding that neither "*pro se* status, ignorance of the law, or limited access to the law library-constitutes 'good cause' for petitioner's failure to exhaust his state remedies"). Because Petitioner does not meet the first requirement of the *Rhines* test, the Court need not address the second and third requirements. The Court is of the opinion that in this case the "administration of justice would be better served by insisting on exhaustion," rather than reaching the merits of the petition prior to a decision by the Mississippi courts. *Horlesy v. Johnson*, 197 F.3d 134, 136 (5th Cir. 1999) (citing *Granberry v. Greer*, 481 U.S. 129, 131 (1987)); *see also Smith v. Waller*, No. 3:11cv675-CWR-FKB, 2012 WL 2367664, at *1 (S.D. Miss. May 14, 2012) (denying the stay and dismissing the petition while

petitioner's claims were pending in state circuit court); *Knight v. Goff*, 1:06cv1112-LG-JMR, 2007 WL 1576746, at *3 (S.D. Miss. May 30, 2007) (denying the stay and dismissing the petition because petitioner's claims were pending before the Mississippi Supreme Court).  For the foregoing reasons, the request to hold the Petition in abeyance is not well taken and will be denied.

Petitioner's request for habeas relief will be denied and the petition is dismissed without prejudice based upon Petitioner's failure to exhaust his state court remedies.  Petitioner's request that this habeas petition be held in abeyance is likewise denied.

A Final Judgment in accordance with this Memorandum Opinion and Order will be issued this date.

SO ORDERED, this the 9th day of September, 2014.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE